IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Nos. CV 12-01542 and 12-1788

ROBIN HOOD, et al.,

    Plaintiffs,

  v.

US GOVERNMENT, et al.,

    Defendants.

                                               /

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

        On April 10, 2012, plaintiff filed a complaint in CV 12-1788 CRB, which this Court then related to another of plaintiff's earlier-filed cases, CV 12-1542 SI. *See* Dkt. 12-1542, Dkt. 6. Along with the 12-1788 complaint, plaintiff filed an application to proceed *in forma pauperis*. The Court GRANTS that application.

        The 12-1788 complaint appears to be, at least in part, an attack on a decision in a third case involving plaintiff in this District, *Connie Mardesich v. Tevis Ignancio*, CV 12-867 EJD. There, plaintiff removed from state court a domestic relations action in which he is a defendant. Judge Davila found that federal jurisdiction over the action was lacking, and remanded the case to Santa Clara County Superior Court. *See* 12-867, Dkt. 15. Plaintiff then filed the 12-1788 complaint, which names the "U.S. Government, et. al" as defendant. The complaint alleges that Judge Davila "under color of authority, has deliberately used his position to throw a case on April 5, 2012 in an ongoing dispute against the poor class." Compl. at 1. The complaint also makes reference to the Racketeer Influenced and Corrupt Organizations (RICO), and states that he is filing "this class action lawsuit" on behalf of other "prisoners" like himself. Plaintiff then describes a person who received a sentence under California's "3 Strikes law," and states that he and other "non violent prisoners" did not receive a fair trial under the "1st, 4th, 5th, 6th, 7th, 8th, 13th, & 14th amendment."

As the Court discussed in its April 16, 2012 Order dismissing plaintiff's 12-1542 complaint, which also alleged RICO claims, plaintiff has not stated an actionable claim. In order to state a claim under RICO, a plaintiff must assert "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff has not alleged any racketeering activity under the meaning of RICO. Nor has plaintiff stated a claim under the Constitution. Pursuant to Federal Rules of Civil Procedure, a complaint must contain "(1) a short and plain statement of the ground for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). It is unclear from the complaint what Constitutional claims plaintiff is bringing against defendant United States, as there is no short and plain statement of the claim. Plaintiff alleges that "all non violent prisoners that have not caused more than a 100,000 dollars [sic] in damage to be released from prison as they could not properly receive a fair trial under the 1st, 4th, 5th, 6th, 7th, 8th, 13th and 14th Amendment[s]." However, plaintiff does not state how he has standing to sue on behalf of such a class. *See Werth v. Seldin*, 422 U.S. 490, 502 (1975) (petitioners must demonstrate the requisite case or controversy between themselves personally and respondents, otherwise none may seek relief on behalf of himself or members of a class). Nor can plaintiff simply name an Amendment to the Constitution - he must make out a claim under a cause of action. Most of the Amendments, including the 13th and 14th amendments, are not self-enforcing. Congress has authorized suits alleging violations of the Thirteenth and Fourteenth Amendments in 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two elements: (1) that a person acting under the color of state law (2) violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has not alleged his action under § 1983 or any other federal statute.

To the extent plaintiff is bringing suit against Judge Davila, Judge Davila is immune from suit under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991). To the extent plaintiff is seeking to attack Judge Davila's remand order, such an order cannot be appealed or attacked by filing a complaint against the judge who issued it.

The Court therefore DISMISSES plaintiff's 12-1788 complaint, WITH LEAVE TO AMEND. Plaintiff may amend his complaint to state a federal, but must set forth this Court's jurisdiction,

2

plaintiff's standing to sue, what the nature of his claim is, a short and plain statement of those claims, against whom he is bringing them, and most importantly, a cause of action upon which relief may be granted. Plaintiff may not attack the remand order in this forum or sue Judge Davila. Moreover, as stated in the Court's April 16, 2012 Order, plaintiff may not proceed under a pseudonym.

**Any amended complaint must be filed by May 4, 2012.**

**IT IS SO ORDERED.**

Dated: April 20, 2012

_____
SUSAN ILLSTON
United States District Judge

3