UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN HOOD, et al.,<br><br>            Plaintiffs,<br>   v.<br>US GOVERNMENT, et al.,<br><br>            Defendants.<br>_____/ | No. C 12-01542<br><br>**ORDER DISMISSING CASE** |

On March 27, 2012, plaintiff filed a complaint on behalf of himself and all others who have been "robbed by banks, attorneys and the government they tried to support" against the United States Government and the "Banking Industry" alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). Compl. at 2 (Dkt. 1). Plaintiff alleges that his assets have been "seized by ill-gotten means" by banks in the United States using overdraft and over-limit fees. *Id*. He further alleges that the United States Government, specifically the Federal Courts, has enabled the banks to do so. *Id.* In addition to his complaint, plaintiff filed an application to proceed *in forma pauperis* ("IFP").

Title 28 U.S.C. § 1915(e)(2) authorizes federal courts to dismiss a complaint filed IFP if the Court determines that the complaint is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). On April 16, 2012, the Court issued an Order stating that plaintiff had failed to state a claim for relief. *See* April 16, 2012 Order, Dkt. 12. The Court set forth the required elements under RICO, and stated that "[p]laintiff has not alleged any racketeering activity under the meaning of RICO." *Id.*[1] The Court granted Mr. Hood's application to proceed IFP and dismissed his

---

[1] The Court also found that plaintiff had not shown sufficient cause to proceed pseudonymously, and stated that any further filings must be under plaintiff's real name. *Citing Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). Plaintiff's subsequent filings have stated that his name is "John Jacob Jingleheimer Schmidt." For brevity, the Court will refer to plaintiff as Mr. Hood.

complaint with leave to amend. The Court stated that plaintiff had until May 4, 2012 to file an amended complaint, and the amended complaint "shall (1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks." *Id.* at 2.

Since the April 16, 2012 Order, Mr. Hood has made a number of filings with the Court in this case. *See* Dkts. 16, 19, 21, and 24. It is impossible to discern a claim for relief from the filings. The filing most closely resembling an amendment to the original complaint – simply because it is entitled "Amendment to Complaint" – seeks to add "another count, in which a red flag is being raised over the banking industry in cahoots with the defendants (U.S. Gov.) to give ground to the Chinese Communist Party or CCP." *See* Dkt. 19 at 1. None of Mr. Hood's filings state a claim for relief, nor provide the facts giving rise to the complaint or state the relief that plaintiff seeks. Because plaintiff failed to state a claim for relief after being afforded an opportunity to amend his complaint, pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court hereby DISMISSES WITH PREJUDICE plaintiff's complaint.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 18, 2012

_____
SUSAN ILLSTON
United States District Judge