UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN HOOD, et al.,<br><br>                Plaintiffs,<br>   v.<br>US GOVERNMENT, et al.,<br><br>               Defendants.<br>_____/ | No. C 12-01542<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; REVOKING IN FORMA PAUPERIS** |

On March 27, 2012, plaintiff filed a complaint, on behalf of himself and all others who have been "robbed by banks, attorneys and the government they tried to support," against the United States Government and the "Banking Industry" alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). Compl. at 2 (Dkt. 1). In addition to his complaint, plaintiff filed an application to proceed *in forma pauperis* ("IFP"). On April 16, 2012, pursuant to 28 U.S.C. § 1915(e)(2), the Court issued an Order granting plaintiff IFP status, and dismissing plaintiff's complaint for failure to state a claim for relief. *See* April 16, 2012 Order, Dkt. 12 (*citing* 28 U.S.C. 1915(e)(2) (authorizing federal courts to dismiss a complaint filed IFP if the Court determines that the complaint is frivolous or fails to state a claim on which relief may be granted)). Plaintiff thereafter made a number of filings in this case, none of which stated a claim for relief. The Court therefore dismissed this case with prejudice on June 18, 2012.

On June 16, 2012, plaintiff filed a "Motion to Authenticate Documents as the Court Might Want to Reconsider." Dkt. 31. Civil Local Rule 7-9 allows a party to seek reconsideration where it can

show:

>(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
>(2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
>(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9. Plaintiff's motion makes no such showing. He argues that "to dismiss these cases would show a cover-up to such complaints in this Racketeer Influenced and Corrupt Organization in which other related cases show such abuses." Dkt. 31 at 1. This is not a sufficient showing to warrant reconsideration. Civ. L. R. 7-9. The motion is DENIED.

Plaintiff has also filed another application to proceed *in forma pauperis* in this closed case. As the case is already closed, the application is DENIED.

On July 31, 2012, plaintiff appealed the Court's dismissal order to the Ninth Circuit Court of Appeals. On August 13, 2012, the Ninth Circuit referred the case back to this Court for the limited purpose of determining whether IFP status should continue for this appeal, or whether the appeal is frivolous or taken in bad faith. *See* Referral Notice, No. 12-16703, Dkt. 2 (*citing* 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous)). Plaintiff's complaint generally alleged a RICO violation, but did not set forth any specific facts or otherwise set forth an intelligible RICO claim. *See* dkt. 12. The Court dismissed the complaint with leave to amend, and stated that the amended complaint "shall (1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks." *Id.* Plaintiff thereafter made a number of filings in this case, but did not file an amended

complaint that satisfied any of these requirements. *See* dkt. 27. The Court therefore dismissed the case with prejudice. *Id.* The Court now finds that the appeal is frivolous, and hereby REVOKES plaintiff's IFP status.

**IT IS SO ORDERED.**

Dated: August 13, 2012

_____
SUSAN ILLSTON
United States District Judge